UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAGERTY INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1429SNLJ |
| ) | |
| KAREN CUMMINGS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed this declaratory judgment action seeking a court order declaring that the available insurance policy limits in regard to a motor vehicle accident (resulting in the death of defendant's spouse, James Cummings) would be $250,000.00 pursuant to the limit of uninsured motorist coverage liability, as listed on the Declaration Page, regardless of number of vehicles or premiums shown in the Declaration as set forth in Policy Number 243637549. This matter is before the Court on defendant's motion to vacate the Court's order of October 16, 2008 granting plaintiff's motion for joinder (of Encompass Indemnity Co.) (#9), filed October 16, 2008; and defendant's motion to dismiss (#3)[1], filed October 6, 2008.[2] Responsive pleadings, including defendant's response to plaintiff Hagerty's original motion to joinder, have all now been filed and these matters are ripe for disposition.

---

[1]The motion to dismiss (#3) was originally filed by three (3) defendants: Karen Cummings, Patrick Cummings, and Daniel Cummings. On or about October 14, 2008, defendants Patrick Cummings and Daniel Cummings were voluntarily dismissed from this cause of action by plaintiff Hagerty Ins. Co.

[2]Since the defendant seeks to vacate the order granting Hagerty's motion for joinder (#7), the motion for joinder is also before the Court again for (re)consideration.

Due to administrative error, the Court mistakenly ruled upon Hagerty's motion for joinder without awaiting the standard response time to expire. Therefore, the Court will vacate its order granting the motion for joinder, and will consider the matter of joinder in light of defendant's timely response to the motion; as well as the pending motion to dismiss.

The issue central to both the motion for joinder and the motion to dismiss is the matter of plaintiff Hagerty's standing to bring this declaratory action in the first place.

It is well-established that standing is a jurisdictional prerequisite that must be addressed by a court before reaching the merits of a lawsuit. City of Clarkson Valley v. Mineta, 495 F.3d. 567, 569 (8th Cir. 2007); *see also*, Elk Grove Unified School District v. Newdow, 542 U.S. 1, 11 (2004)(in every federal lawsuit, the party must establish standing to prosecute the action). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Elk Grove Unified School District, 542 U.S. at 11 *quoting* Warth v. Seldin, 422 U.S. 490, 498 (1975). When a motion to dismiss is made on standing grounds, the standing inquiry must, as a prerequisite, be done in light of the factual allegations of the pleadings. City of Clarkson Valley, at 570.

Federal standing generally incorporates two (2) judicial concepts: Article III standing and prudential standing. Elk Grove Unified School District, 542 U.S. at 11-12.

Federal jurisdiction is limited by Article III, §2 of the United States Constitution to actual cases and controversies. This "case or controversy" limitation essentially requires a plaintiff to have standing to bring the action in federal court, and that the dispute is not moot. In order to meet Article III's standing requirement, a plaintiff must show 1) that s/he suffered an "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; 2) a causal connection between the injury and the challenged action of the

2

defendant; and 3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. DaimlerChrysler Corp. v. Cuno, - U.S. -, 126 S.Ct. 1854, 1861 (2006); Elk Grove Unified School District, *supra.*; Friends of the Earth v. Laidlaw Environmental Services (TOC), 528 U.S. 167, 180-81; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Mosby v. Ligon, et. al., 418 F.3d. 927, 933 (8th Cir. 2005); Steger v. Franco, Inc., 228 F.3d. 889, 892 (8th Cir. 2000); Park v. Forest Service of the United States, 205 F.3d. 1034, 1037 (8th Cir. 2000). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." DaimlerChrysler Corp.v. Cuno, 126 S.Ct. at 1861 *quoting* Allen v. Wright, 468 U.S. 737, 751 (1984). It is the plaintiff's burden to establish each and every element of standing. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of the evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. at 561; City of Clarkson Valley, at 569; Park, at 1037 (*quoting* Lujan). Furthermore, a reviewing court must determine standing based upon the facts existing at the time the lawsuit is filed. Steger, at 892-93; Park, at 1038.

An "injury-in-fact" is a harm that is "concrete and particularized" and "actual or imminent" and not "conjectural or hypothetical". "The plaintiff must show that he or she `sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate . . .'" Steger, at 892 *quoting* City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)(internal quotations omitted). More specifically, in complaints seeking injunctive relief, the "injury-in-fact" element

requires the plaintiff to show that s/he faces a threat of ongoing or future harm. Mosby v. Ligon, at 933; Parks, at 1037 *citing* City of Los Angeles v. Lyons, 461 U.S. at 101-05.

In the present case, plaintiff Hagerty has failed to demonstrate an injury-in-fact. Defendant has provided the Court with an abundance of evidence clearly showing that Hagerty Ins. Co. is not an insurance company, and more importantly, is not the insurer with regard to the subject policy. *See*, Defendant's Exhibits A, B, and C attached to defendant's motion to dismiss. Hagerty is not a licensed insurance company in Missouri, nor is it an insurer in its home State of Michigan. It is simply a licensed insurance agency in both states; the insurance agent in this matter. It has no beneficial interest in the dispute; it will not pay any claim. It is not a party to the insurance contract, and therefore, has no legally protected interest in this dispute. Whether or not the payout on the defendant's claim is $250,000.00 or $500,000.00 (as defendant apparently contends she is entitled to based upon a "stacking" theory) is immaterial to Hagerty. *See*, Hardcore Concrete, L.L.C. v. Fortner Ins. Services, Inc., 220 S.W.3d. 350, 354-355 (Mo.App. 2007); Carroll v. Missouri Intergovernmental Risk Management Assoc., 181 S.W.3d. 123, 128 (Mo.App. 2005).

Hagerty contends that it does have an injury-in-fact because the Court's ruling would "affect the interpretation of numerous insurance policies with which it deals." Plaintiff's Memorandum in Opposition (#11), pg. 3. It further contends that although it is not the "real party in interest" a court ruling that the subject policy does not permit stacking would redress this "potential harm" to Hagerty.

This argument is meritless. The Court cannot fathom what "potential harm" would befall Hagerty as the insurance agent regardless of the Court's interpretation and application of the subject policy. Hagerty does not pay claims, it sells insurance policies underwritten by insurance

4

companies (such as Encompass) who, in turn, pay the claims. Whatever the Court's ruling, Hagerty suffers no monetary harm or benefit. Plaintiff Hagerty has failed to show that it will sustain any type of direct injury resulting from the Court's ruling either way in this matter. A declaration of rights in this case will only affect Encompass - it will either pay out $250,000.00 or $500,000.00. Thus, Hagerty has also failed to meet the redressability requirement of Article III standing.

Plaintiff Hagerty has failed to carry his burden in demonstrating an injury-in-fact and/or redressability as required to establish Article III standing.

In addition to demonstrating Article III standing requirements, a litigant must also establish "prudential standing" which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." Allen v. Wright, 468 U.S. at 751; *see also*, Elk Grove Unified School District, 542 U.S. at 11-12 *quoting* Allen v. Wright, *supra.* "[P]rudential standing encompasses the `general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" Elk Grove Unified School District, 542 U.S. at 12 *quoting* Allen v. Wright, 468 U.S. at 751. Thus, a plaintiff must assert his or her own legal rights and interests, and cannot rest their claim on the legal rights or interests of third parties. Mosby v. Ligon, at 933 *citing* Warth v. Seldin, 422 U.S. at 499.

There is no dispute that Encompass Indemnity Co. is the actual, necessary, and "real party in interest" in this lawsuit. The unavoidable jurisdictional problem is that Hagerty brought this action, lacked standing to do so, then attempted to bootstrap Encompass into the lawsuit in order to maintain the action. Rule 19 Fed.R.Civ.P. was not intended to circumvent Article III

jurisdiction. Hagerty brought this lawsuit resting its "claim" on the legal rights or interests of Encompass, not on any legal right or interest of its own. Thus, Hagerty has failed to establish prudential standing in federal court.

Plaintiff believes, that pursuant to Rule 17(a)(3) Fed.R.Civ.P., that no one will be prejudiced by the joinder of Encompass because complete diversity exists and the amount of the controversy exceeds $75,000.00; thus, the Court maintains subject matter jurisdiction. However, it is not so simple as plaintiff would have this Court believe.

Plaintiff's tactic in filing this case in federal court here is suspect. Without any legal right or interest in jeopardy, thus, lacking standing, Hagerty filed its declaratory action in federal court here. At the time of the filing, complete diversity existed as long as Encompass was not a party plaintiff.[3] Subsequent to the filing of the instant motion to dismiss (which raised the issue of standing and the absence of Encompass), Hagerty voluntarily dismissed out defendants Daniel and Patrick Cummings, then sought to join Encompass; thus, preserving diversity and circumventing the jurisdictional issue of standing. Furthermore, the dismissal of the Cummings sons and the joinder request followed the filing of the state court action in Illinois regarding this same dispute by defendant against Encompass. Thus, a state court action between the "real parties in interest" is now pending in Illinois state court.

In light of Hagerty's lack of Article III standing to file this declaratory action in the first place, its lack of standing to file a Rule 19 motion for joinder, and the pending Illinois state court action between the undisputed "real parties in interest" regarding the same dispute, the Court will deny the motion for joinder and grant the motion to dismiss.

---

[3]Encompass is an Illinois company, making all claim decisions, including the instant one, from its corporate office in Illinois. Defendant Patrick Cummings is an Illinois resident.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to vacate (#9) be and is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Hagerty's motion for joinder (#7) be and is **DENIED.**

**IT IS FINALLY ORDERED** that defendants' motion to dismiss (#3) be and is **GRANTED.** This cause of action is hereby **DISMISSED** in its entirety.

Dated this 28th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE